**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMIE R. ABBOTT,

       Plaintiff(s),

v.

BANK OF NEW YORK MELLON, et al.,

       Defendant(s).

2:13-CV-572 JCM (PAL)

**ORDER**

Presently before the court is defendants', Bank of New York Mellon and Countrywide Home Loans Servicing LP, motion to dismiss. (Doc. # 5). *Pro se* plaintiff Jamie Abbott filed a response in opposition (doc. # 10), and defendants filed a reply (doc. # 12).

**I.     Background**

This case is a mortgage related case. Additionally, the complaint is a variation of a form complaint currently serving as the basis of many *pro se* mortgage complaints in this district.[1] Like the other form complaints that have been recently filed in this district, this "complaint" does not allege a single specific or meaningful fact.

---

[1] *See, e.g., Torres v. Fed. Nat'l Morg.* Assoc., no. 2:13-cv-554-JCM-VCF; *Beebe v. Fed. Nat'l Mortg. Assoc.*, no. 2:13-cv-311-JCM-GWF; *Burd v. Countrywide Secs.*, no. 2:13-cv-338-MMD-VCF; *Burd v. J.P. Morgan Chase*, no. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.*, no. 2:13-cv-354-GMN-CWH; *Salinas v. Fed. Nat'l. Mortg. Assoc.*, no. 2:13-cv-407-JCM-GWF; *Santivanes v. Bank of New York Mellon*, no.2:13-cv-00299-cv-GWF. There are more cases filed by *pro se* plaintiffs utilizing the same form complaint as the plaintiff in this case. However, the court finds that the above list of six cases is sufficiently exemplary.

**James C. Mahan**
**U.S. District Judge**

1      On or about October 24, 2005, Abbott purchased real property located at 6362 Hermes Stables Court in Las Vegas, Nevada.[2]  Lender Meridas Capital, Inc. loaned Abbott $650,000, and the deed of trust secured the loan.

The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the deed of trust and First American Title as the trustee.  On October 4, 2010, MERS recorded an assignment of the deed of trust to defendant Bank of New York Mellon ("BNY").  On that same date, October 4, 2010, BNY recorded a substitution of trustee and named ReconTrust Company N.A. ("ReconTrust") as trustee.

ReconTrust recorded a notice of default on September 28, 2010.  September 28, 2010 was the date the assignments and substitutions under the deed of trust actually occurred.  However, the assignment and substitution was not recorded until October 4, 2010.  ReconTrust rescinded the first notice of default, dated September 28, 2010, on October 11, 2010.  The first notice of default, which occurred prior to the recordation of the assignment and substitution of the deed of trust, was rescinded prior to the recording of the second notice of default.

On August 2, 2011, ReconTrust recorded a second notice of default and election to sell.  On October 2, 2012, ReconTrust recorded the certificate authorizing foreclosure from the Nevada foreclosure mediation program.  ReconTrust recorded notices of trustee's sale on October 2, 2012, and February 27, 2013.  To date, the property has not been sold.

Plaintiff filed the instant form complaint in this court against defendant.  The complaint contains only eight short paragraphs and does not allege any specific facts or enumerated causes of action.  The court construes the causes of action as quiet title, intentional fraud/misrepresentation, and challenging the securitization and assignment of the note.

. . .

. . .

---

[2] The court judicially recognizes the deed of trust, assignments of the deed of trust, notice of default and election to sell, the foreclosure mediation certificate, and a notice of trustee's sale.  *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.  Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc. # 1, ex. A). Documents filed *pro se* are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

#### A.  Securitization

"Since the securitization merely creates a separate contract, district from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail." *Reyes v. GMAC Mortg. LLC*, no. 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011); *Baldoza v. Bank of America, N.A.*, no. C-12-05966-JCS, 2013 WL 978268, at *10 (N.D. Cal. March 12, 2013) ("The majority position is that plaintiffs lack standing to challenge noncompliance with a [pooling service agreement] in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."). The securitization argument has been repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing to enforce the deed of trust. The plaintiff's securitization challenge fails to state a claim and is dismissed.

#### B.  Quiet Title

Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of America, N.A.*, 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse

James C. Mahan
U.S. District Judge

1  claims to real property or any interest therein." *Id.* In a quiet title action, the burden of proof rests
2  with the plaintiff to provide good title in himself. *Id.* (citing *Breliant v. Preferred Equities Corp.*,
3  918 P.2d 314, 318 (Nev. 1996)).

4  First, plaintiff has not alleged that she has free and clear title to the property. Second,
5  plaintiff has not alleged any adverse interest she is seeking to quiet. A lien against plaintiff's
6  property, held as security by defendant or anyone else, is not an interest adverse to plaintiff's own.
7  Both interests may exist in harmony, for one is a present interest and one is a future interest. For a
8  plaintiff to quiet title, the plaintiff must show both that she holds good title to the property in
9  question and that defendant is making a claim adverse to his interest. Plaintiff fails to plead either;
10  therefore, she is not entitled to such relief.

11       C.     *Misrepresentation*

12  To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) that defendant
13  made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce
14  reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

15  "In alleging fraud or mistake, a party must state with particularity the circumstances
16  constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[A] plaintiff asserting fraud against a corporate
17  [entity] must state the names of the persons who made the allegedly fraudulent representations, their
18  authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."
19  *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting
20  *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009)).

21  After reviewing the complaint, the court finds that it states no specific facts against any of
22  the defendants. The complaint does not allege the who, what, when, where, and how.

23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 5) be, and the same hereby, is GRANTED. The clerk of the court shall enter judgment and close the case.

DATED August 8, 2013.

                                                                                       **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -